**READ v. READ.**

No. 8762; Motion Nos. 9071, 9072.

Court of Civil Appeals of Texas. Austin.

Nov. 9, 1938.

Rehearings Granted in Part Dec. 21, 1938.

Woodruff & Holloway, of Brownwood, for plaintiff in error.

Callaway & Callaway, of Brownwood, for defendant in error.

BLAIR, Justice.

The parties will be referred to as appellant and appellee. The litigation arose out of the following facts and guardianship proceedings: Autrey O. Read, husband of appellee, was adjudged a person of unsound mind in 1934, and confined to a state institution for the insane. Neither he nor appellee had married except to each other, and they have no children. In November, 1934, appellee was appointed by the county court of Brown County, Texas, and qualified, as the guardian of the estate of her insane husband. The estate consisted of various items of personal property, all of which were community property, except one wagon and two cultivators, which were alleged to be the separate property of the husband. Two items of personal property as listed were claims against two insurance companies by reason of the total disability benefits payable under the terms of the policies, one for $15 per month during the period of total disability, and the other for $32.50 per month for a period of 60 months. Appellee was later removed as guardian under some provision of Art. 4234, R.S.1925, and appellant, J. B. Read, the father of Autrey O. Read, was appointed and qualified as guardian of the person and estate of Autrey O. Read. Appellee then filed in the probate court her application seeking to be reappointed as guardian; and in the alternative that the estate be closed, alleging that the property and money on hand constituted the community property of herself and Autrey O. Read, and that the guardian be directed to turn over to her all of the money and property owned by the estate. On the hearing a decree was entered directing that the guardianship be closed and that the guardian, J. B.

Read, deliver to appellee all the money and property owned by the estate. From this order J. B. Read appealed to the district court of Brown County, Texas. By amended pleadings filed in the district court, appellee primarily sought the closing of the guardianship with the request that the funds and property on hand be turned over to her; and in the alternative sought to be reappointed as guardian. A hearing was had, and the court entered an order continuing the guardianship with appellant as guardian; but directed him to deliver to appellee all funds and property then on hand derived from the disability payments received under the two insurance policies, which constituted all the property on hand, except one cultivator, alleged to be the separate property of the husband; and further directed that any future disability payments on the two insurance policies be paid by the guardian to appellee, with the right to manage, control, and expend such fund during the continuance of the disability of her husband. This appeal is from such orders of the district court.

Art. 3662, R.S.1925, provides as follows: "Where the husband or wife * * * becomes insane, having no child or children, and no separate property, the common property passes to the survivor, charged with the debts of the community; and no administration thereon or guardianship of the estate shall be necessary."

Just why the trial court entered the judgment continuing the guardianship and at the same time directing that the guardian pay all of the liability insurance payments to appellee, is not entirely clear from the record. The continuation of the guardianship cannot be sustained upon the ground that the cultivator now in the possession of J. B. Read as guardian was the separate property of the ward. It had little or no value, and neither guardian had been able to dispose of it for a long period of years. The wagon and the other cultivator had been properly sold under court order. All of the other community property, except the disability insurance payments, had been disposed of by appellee, or was rightfully in her possession under the terms of the statute above quoted. Appellant offered to prove that the guardianship proceedings were originally necessary because the insurance companies would not make the disability payments except to a guardian. The trial court excluded this testimony, for what

reason is not clear, but continued the guardianship in force, and then by his decree directed the guardian to pay insurance payments to appellee; and by directing that appellee control, manage, and handle such funds as she saw fit, effectively deprived the guardian of any authority as to the estate of the insane ward. If the guardianship were necessary for the purpose of collecting the disability payments, then the order of the trial court continuing such guardianship would be justified; but the trial court excluded testimony as to this purpose, and therefore could not have continued it upon that basis. The continued guardianship was not necessary to take care of any of the separate property of the insane person, because it was of no substantial value. There is no dispute that the benefit payments on the insurance policies constitute community property of appellee and her husband; nor did the trial judge limit the continued guardianship to that of the person of the insane ward. It seems to us that if the guardianship proceedings were only necessary for the purpose of collecting the disability payments on the insurance policies, and if appellee were entitled to receive all of such benefits and to control and manage same, which she undoubtedly is under the above quoted statute, then the trial judge should have reappointed her guardian of the estate of her insane husband.

Since the judgment rendered continued the guardianship and at the same time ordered the payment by the guardian of all of the disability payments to appellee to be used and controlled by her as she saw fit, we reverse the judgment and remand the cause to be disposed of in accordance with this opinion.

Reversed and remanded.

### On Motions for Rehearing.

By motions filed both parties suggest, for different reasons, that no necessity exists for remanding the cause to determine the question of necessity for continuation of the guardianship to collect the insurance, which admittedly belongs to the community estate. We have so concluded and accordingly render judgment closing the guardianship, and directing the guardian to pay to appellee all funds on hand; and that the trial court certify this judgment to the probate court for observance.

Motion No. 9071 granted in part; motion No. 9072 granted.